UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | * * * * |
| Plaintiff, | * * |
| v. | * Civil Action No. 26-cv-11811-ADB * |
| CHARLES ANDERSON and MERRIMACK COLLEGE, | * * * |
| Defendants. | * * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") brings this declaratory

judgment action to determine its duty to provide underinsured motorist ("UIM") coverage to

Defendant Charles Anderson ("Anderson"), an employee of Defendant Merrimack College

("Merrimack"), for injuries that Anderson suffered in a car accident while driving one of

Merrimack's vehicles. See generally [ECF No. 1 ("Compl.")]. Currently before the Court is

Anderson's motion to dismiss for lack of jurisdiction, [ECF No. 8]. For the following reasons,

the motion is **GRANTED**.[1]

---

[1] Because the Court grants the primary relief Anderson seeks, see [ECF No. 8 at 1–2], it does not
reach the alternative remedies he requests.

## I.    BACKGROUND

### A.    Parties

PIIC is a Pennsylvania insurance company.  [Compl. ¶ 2].  Anderson is a New Hampshire resident and employee of Merrimack.  [Id. ¶ 3].  Merrimack is a Massachusetts institution of higher education.  [Id. ¶ 4].

### B.    Factual Background

On February 24, 2024, Anderson was driving one of Merrimack's cars in New Hampshire when he suffered injuries in an accident caused by another driver.  [Compl. ¶¶ 7, 10].  Progressive Insurance Company ("Progressive"), which insured the other vehicle, paid Anderson up to its policy's coverage limit, [id. ¶¶ 12–13], and Merrimack paid Anderson workers' compensation, [id. ¶ 14].  Anderson sought further coverage from PIIC pursuant to a policy it issued to Merrimack, but PIIC disclaimed coverage.  [Id. ¶¶ 17–19].

### C.    Pre-Litigation Correspondence Between the Parties[2]

On February 26, 2026, counsel for Anderson contacted PIIC to dispute its decision to disclaim coverage and sent PIIC a draft declaratory judgment complaint that Anderson intended to file in New Hampshire if the parties could not reach an agreement.  [ECF No. 9-1 at 3–4].  On March 11, 2026, he followed up, asking whether PIIC maintained its position and, if so, whether it would accept service of the draft complaint.  [Id. at 7].  PIIC replied the same day, stating that it was reviewing the correspondence and would send a "more formal response soon."  [Id. at 8].  Anderson's counsel followed up two more times, on March 31 and April 13, 2026, and a PIIC

---

[2] The Court discusses evidence submitted by Anderson, in addition to the evidence in PIIC's complaint, for the reasons elaborated infra section II.B–C.

representative indicated that he would "check on [the] status of the response," "remind[] [his] team that we owe a response," and "hopeful[ly] . . . have something over soon." [Id. at 9–11].

### D.    Procedural History

On April 17, 2026, PIIC brought this declaratory judgment action against Anderson and Merrimack. [ECF No. 1]. On April 30, 2026, Anderson filed his own declaratory judgment action in New Hampshire Superior Court, seeking a declaration of joint primary coverage between PIIC and another insurer, Mt. Washington Assurance Corp. ("Mt. Washington"), which issued a personal automobile policy that also provided UIM coverage to Anderson. [ECF No. 9 at 2]; see [ECF No. 9-1 at 21–25]. On June 12, 2026, Anderson moved to dismiss the action before this Court, [ECF No. 8]; [ECF No. 9], and on June 26, 2026, Plaintiff opposed Anderson's motion, [ECF No. 10]; [ECF No. 10-1].

## II.    LEGAL STANDARD

### A.    Declaratory Judgment

"[T]he Declaratory Judgment Act [is] 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)). "[E]ven when [a] suit otherwise satisfies subject matter jurisdictional prerequisites," id. at 282, the district court "[i]s under no compulsion to exercise [its] jurisdiction," id. (quoting Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942)). In particular, where "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties," id. (quoting Brillhart, 316 U.S. at 495), the Court may, in its discretion, stay or dismiss the federal suit, id. at 288.

Under such circumstances, the Court must decide "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable

3

substantive law, can better be settled in the proceeding pending in the state court." Flectat Ltd.

v. KASL Seabreeze LLC, 257 F. Supp. 3d 152, 157 (D. Mass. 2017) (alteration in original)

(quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Mar. Terminal, Inc., No. 14-cv-14541, 2015

WL 3952766, at *3 (D. Mass. June 29, 2015)).  Several factors, originally identified by the

Supreme Court in Brillhart, guide the Court's inquiry:

> (1) the scope of the pending state court proceeding and the nature of the defenses open there; (2) whether the claims of all parties in interest can be adjudicated satisfactorily in the state proceeding; (3) whether necessary parties have been joined; (4) whether all necessary parties are amenable to process in the state proceeding; and (5) the virtue of avoiding uneconomical proceedings, vexatious proceedings, and gratuitous interference by a federal court with an orderly and comprehensive suit pending in a state court, presenting the same issues, not governed by federal law, between the same parties.

Flectat, 257 F. Supp. 3d at 156–57 (citing Wilton, 515 U.S. at 283).  No individual factor is

dispositive, and this list does not preclude consideration of additional factors that may inform "a

district court's decision to stay or to dismiss a declaratory judgment action at the outset."

Wilton, 515 U.S. at 283; see, e.g., Haley & Aldrich, Inc. v. Specialty Tech. Consultants, Inc., 158

F. Supp. 3d 16, 19 (D. Mass. 2016) (considering absence of federal question); Seaton Ins. Co. v.

Clearwater Ins. Co., 736 F. Supp. 2d 472, 476–77 (D.R.I. 2010) (considering extent of factual

connections between federal action and related state action); Mar. Terminal, 2015 WL 3952766,

at *6 (considering absence of federal claims and conflicts of interest in representation).

### B.    Rule 12(b)(1)

Generally, a motion to dismiss pursuant to Rule 12(b)(1) raises a facial challenge to

jurisdiction—that is, it requires the Court to determine whether the facts alleged in the complaint,

"taken at face value," support the existence of subject matter jurisdiction.  Gordo-González v.

United States, 873 F.3d 32, 35 (1st Cir. 2017) (citing Muñiz-Rivera v. United States, 326 F.3d 8,

11 (1st Cir. 2003)).  When reviewing a facial challenge, the Court "accept[s] 'the well-pleaded

factual averments contained [in the complaint] and indulg[es] all reasonable inferences in the [plaintiff's] favor,'" id. at 35 (last alteration in original) (quoting Muñiz-Rivera, 326 F.3d at 11), and dismissal is proper "only when the facts adumbrated in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction," id.

Sometimes, however, a defendant instead "use[s] a rule 12(b)(1) motion to launch a 'factual challenge' to the court's subject matter jurisdiction that contests 'the accuracy (rather than the sufficiency) of jurisdictional facts asserted by the plaintiff.'" Watkins v. Musk, 786 F. Supp. 3d 337, 348 (D. Mass. 2025) (quoting Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)).  In such instances, the Court is free to "consider extrinsic evidence submitted by the parties" that bears on "disputed facts relevant to the jurisdictional inquiry," id. (first citing Toddle Inn Franchising, LLC v. KPJ Assocs., LLC, 8 F.4th 56, 61 n.5 (1st Cir. 2021); and then citing Valentin, 254 F.3d at 363).  When reviewing a factual challenge, the Court applies a preponderance-of-the-evidence standard.  See William Spencer & Spencer Bros. LLC v. U.S. Dep't of Transp., 740 F. Supp. 3d 101, 105 (D.N.H. 2024).

### C.    Synthesis for Present Purposes

By his motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Anderson hopes to persuade the Court to decline jurisdiction over this declaratory judgment action pursuant to the Wilton-Brillhart doctrine.[3]  See Riva, 61 F.3d at 1012 (noting that the declaratory judgment context "relax[es] a federal court's storied obligation to exercise the

---

[3] "The First Circuit has not clearly resolved whether to apply Rule 12(b)(1) or Rule 12(b)(6) in deciding whether to abstain from exercising jurisdiction." AUI Partners LLC v. State Energy Partners LLC, 742 F. Supp. 3d 28, 39 (D. Mass 2024) (citing Mass. Delivery Ass'n v. Coakley, 671 F.3d 33, 40 n.6 (1st Cir. 2012)).  For present purposes, Rule 12(b)(1) provides an adequate vehicle for consideration of the issue, and the Court does not see a need to disturb Anderson's decision to bring his motion under that rule.

jurisdiction given to it by Congress" and characterizing dismissal of a declaratory judgment action as a "decision not to exercise jurisdiction"); Sta-Rite Indus., Inc. v. Allstate Ins. Co., 96 F.3d 281, 287 (7th Cir. 1996) (explaining that "federal courts have discretion whether to accept jurisdiction" in declaratory judgment actions); cf. Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 114–15 (1st Cir. 2012) (discussing related exceptions to the duty to exercise jurisdiction over matters that satisfy minimal Article III requirements). The Court's inquiry under that doctrine turns on jurisdictional facts independent of the merits of PIIC's complaint, and both parties submit and rely upon evidence extrinsic to PIIC's complaint in their briefing. [ECF No. 9-1]; [ECF No. 10-2]. Consequently, the Court will look to the evidence presented by both parties where relevant to decide facts pertinent to the Wilton-Brillhart inquiry, and it will resolve any disputes by a preponderance-of-the-evidence standard.

III.       **WILTON-BRILLHART FACTORS**

On balance, the Wilton-Brillhart factors favor abstention.

### A.      Scope of Pending State Court Proceeding and Nature of Defenses

The parties agree that the New Hampshire action is a parallel state action which seeks resolution of the same question at issue here, see [ECF No. 10-1 at 6]; [ECF No. 9 at 5–6], and that both actions turn only on questions of state law, see [ECF No. 10-1 at 7 ("The resolution . . . will depend on choice of law between Massachusetts or New Hampshire.")]; [ECF No. 9 at 4 ("New Hampshire law governs this . . . accident.")]. This factor favors abstention. See Haley & Aldrich, 158 F. Supp. 3d at 19 (declining to exercise jurisdiction in declaratory judgment action with only state-law claims and parallel state court proceedings).

### B.      Whether State Action Can Adjudicate Claims of All Interested Parties

PIIC concedes that the New Hampshire court can fully adjudicate any coverage obligation it has to Anderson, but it contends that Merrimack's absence from the New

Hampshire action favors this Court continuing to exercise jurisdiction.  [ECF No. 10-1 at 6].

That position is undermined, however, by the fact that PIIC seeks no relief against Merrimack in

this action, see [Compl. at 4–5], and further, that Merrimack was served multiple months ago,

see [ECF No. 6], but has not appeared, let alone asserted a claim of its own.  Because the only

dispute at issue in this action—whether PIIC has obligations to Anderson under its policy, see

[Compl. at 5]—can be fully adjudicated in the New Hampshire action, this factor favors

abstention.  Compare Hartford Fire Ins. Co. v. Williams Bros. Constr., Inc., 149 F. Supp. 3d

1009, 1013 (C.D. Ill. 2016) (abstaining where a party's "presence or absence in the state case"

did not affect the state action's ability to dispose of the claims presented in the federal action),

with Atain Specialty Ins. Co v. Davester LLC, No. 19-cv-11634, 2019 WL 5087338, at *3 (D.

Mass. Oct. 10, 2019) (exercising jurisdiction where the existing state proceeding did not

encompass the claims of one of the parties to the federal action).

### C.        Whether Necessary Parties Have Been Joined

The state action joins all necessary parties.  "Having all necessary parties joined in the

state proceeding is not a 'prerequisite' to declining to hear a declaratory judgment action . . . but

rather one of a number of factors that may be considered," Mainini v. Johnson, No. 14-cv-03205,

2015 WL 1225633, at *4 n.5 (N.D. Cal. Mar. 17, 2015), and even if it were a prerequisite, the

Court would find that Merrimack's absence from the New Hampshire action does not weigh in

favor of exercising jurisdiction over this action.  PIIC does not contend that, under New

Hampshire law, an employer is a necessary party to a dispute between an insured employee and

the insurance company that provided the policy; nor does it appear that New Hampshire courts

have historically required as much.  See Jones v. Herbert, 90 A. 854, 855 (N.H. 1914)

("The necessary parties to any proceeding, regardless of its nature . . . are those, and those only,

who have an interest in the subject-matter of the suit and whose rights may be concluded by the

judgment."); cf. Mainini, 2015 WL 1225633, at *4 n.5 (noting that the state court is "well equipped to address any . . . deficiencies" related to joinder of necessary parties).  This factor thus favors abstention.

### D.    Whether All Necessary Parties Are Amenable to Process

Though PIIC argues that the parties have availed themselves of the jurisdiction of this Court, and that the New Hampshire court lacks personal jurisdiction over Merrimack, it does not itself claim to be unamenable to process in New Hampshire.  [ECF No. 10-1 at 7].  As neither party has identified an issue with PIIC's participation in the New Hampshire action, which was filed months before the papers at issue here, the Court will treat this factor as neutral.  But see [ECF No. 10-1 at 6–7]; Hartford Fire Ins., 149 F. Supp. 3d at 1014 (favoring abstention when the plaintiff fails to argue why the state court lacks jurisdiction).

### E.    Uneconomical or Vexatious Proceedings and Gratuitous Interference

As discussed supra, the parties agree that the New Hampshire action involves the same question at issue here, see [ECF No. 10-1 at 6]; [ECF No. 9 at 5–6], though the New Hampshire action also includes Mt. Washington, see [ECF No. 9-1 at 21], which Anderson argues will enable that court to accord complete relief by adjudicating his claim for a declaration of joint primary coverage between PIIC and Mount Washington.  See [ECF No. 9 at 14–15]; [ECF No. 9-1 at 24–25].  If this Court retained jurisdiction, Anderson's state action against Mt. Washington and PIIC could continue, risking "conflicting judicial decisions . . . result[ing] from piecemeal and duplicitous litigation."  Travelers Cas. & Sur. Co. v. Bos. Gas Co., 76 F. Supp. 2d 59, 67–68 (D. Mass. 1999).  Such risk would be uneconomical, given that "the [New Hampshire] action provides a venue not only for the resolution of all disputes between [PIIC and Anderson], but for the other parties as well," Atlas Copco Constr. Tools, Inc. v. Allied Constr. Products, LLC, 307 F. Supp. 2d 228, 234 (D. Mass. 2004).  Accordingly, this factor favors abstention.

IV.        REMAINING CONSIDERATIONS

Having concluded that the <u>Wilton</u>-<u>Brillhart</u> factors favor abstention, the Court briefly discusses three other matters.

### A.        Effect of This Action Being Filed Before New Hampshire Action

The Court reiterates two core considerations of the <u>Wilton</u>-<u>Brillhart</u> doctrine: "practicality and wise judicial administration." <u>Wilton</u>, 515 U.S. at 288.  As explained above, those principles favor abstention, and the Court clarifies here that they do so even in light of this action's first-filed status, to which both parties dedicated substantial briefing.  On the particular facts of this case, the Court declines to let the first-filed status control for two reasons.  First, as other sessions of this Court have explained, an action's first-filed status, though persuasive, is not dispositive in the context of a <u>Wilton</u>-<u>Brillhart</u> analysis.  <u>E.g.</u>, <u>Haley & Aldrich</u>, 158 F. Supp. 3d at 19–20; <u>Atlas Copco</u>, 307 F. Supp. 2d at 233; <u>Nat'l Union Fire Ins. Co. of Pittsburgh v. Marley-Wylain Co.</u>, No. 13-cv-12264, 2014 WL 12797591, at *6 (D. Mass. May 7, 2014). Second, it appears that Anderson's delay in filing the New Hampshire action—which is what enabled PIIC to file this action first—was almost entirely due to PIIC's dilatory, if not duplicitous, approach to communicating with Anderson.  <u>Cf.</u> <u>Anheuser-Busch, Inc. v. Supreme Int'l Corp.</u>, 167 F.3d 417, 419 (8th Cir. 1999) (affirming the dismissal of a first-filed federal declaratory action where the first-filed party "raced to the courthouse to usurp [the other party's] forum choice"); <u>Veryfine Prods., Inc. v. Phlo Corp.</u>, 124 F. Supp. 2d 16, 22 (D. Mass. 2000) (noting that courts typically do not apply first-filed rule where "a party . . . won the race to the courthouse by misleading his opponent into staying his hand in anticipation of negotiation").

### B.        Impact on Discovery

PIIC contends that resolution of the ultimate issue will turn on choice of law, which will require discovery from Merrimack, whose absence from the state action will therefore prejudice

the parties. [ECF No. 10-1 at 7–8]. Assuming that discovery from Merrimack is required, and further crediting PIIC's assumption that Merrimack would resist participating in the New Hampshire proceedings, the Court would still conclude that abstention is appropriate here. Massachusetts provides several tools for foreign tribunals to compel discovery from a Massachusetts entity. See, e.g., Mass. Gen. Laws. ch. 223A, § 11; Mass. Gen. Laws. ch. 233, § 45. Though such procedures may pose some inconvenience, they do not amount to prejudice sufficient to tip the scale against the abstention suggested by the Wilton-Brillhart factors.

### C.      Whether to Stay or Dismiss the Action

Where a district court finds the Wilton-Brillhart doctrine favors abstention because of a parallel state proceeding, as the Court does here, "a stay will often be the preferable course because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Wilton, 515 U.S. at 288 n.2. In the years since Wilton was decided, however, others sessions of this Court have favored dismissal, noting that if the action were stayed, "it might create a perverse incentive for [the plaintiff in the federal action] not to participate fully in the [state action] in hopes that it might be able to later litigate those issues in federal court after the stay is lifted." Marley-Wylain Co., 2014 WL 12797591, at *6. Additionally, the primary concern animating Wilton's commentary on the preferability of stays was the risk of inadvertently time barring a federal action, which no party has suggested is a concern in this case. See id. (first citing Nat'l Union Fire Ins. Co. of Pittsburgh v. Warrantech Corp., No. 00-cv-05007, 2001 WL 194903, at *3 n.1 (S.D.N.Y. Feb. 27, 2001); and then citing TIG Ins. Co. v. Fairchild Corp., No. 07-cv-08250, 2008 WL 2198087, at *5 (S.D.N.Y. May 27, 2008)). Accordingly, the Court concludes that dismissal without prejudice is warranted under the circumstances presented.

10

## V.      CONCLUSION

For the foregoing reasons, Anderson's motion to dismiss, [ECF No. 8], is **GRANTED**.

This action is **DISMISSED** without prejudice.


**SO ORDERED.**

August 6, 2026                                         */s/ Allison D. Burroughs*
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE